UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUCTCAP PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>J & S FABRICATION, INC.,<br>K & D SLIP COVERS LLC, and<br>ROBERT BUTCHELLO and<br>JARED MCCULLOUGH<br>d/b/a KOVEREEZ<br><br>Defendants. | Civil No. _____ |

## COMPLAINT

Comes now the Plaintiff, and for its Complaint against Defendants, states and alleges as follows:

## THE PARTIES

1. Plaintiff, Ductcap Products, Inc. ("Ductcap"), is a Minnesota corporation, having a principal place of business at 2763 Fairway Drive, Willmar, Minnesota 56201.

2. Upon information and belief, Defendant, J & S Fabrication, Inc. ("J&S"), is a Pennsylvania corporation, having a principal place of business at 9330 Allentown Boulevard, Grantville, Pennsylvania 17028.

3. Upon information and belief, Defendant, K & D Slip Covers LLC (K&D) is a Pennsylvania company, having a principal place of business at 9330 Allentown Boulevard, Grantville, Pennsylvania 17028.

4. Upon information and belief, Kovereez is an assumed name for a North Carolina fictitious business, having a principal place of business at 9647 Holly Hills Dr., Leland, North Carolina 28451.

5. Upon information and belief, Defendant, Robert Butchello ("Butchello") is an individual residing in the state of North Carolina and a co-owner of Kovereez.

6. Upon information and belief, Defendant, Jared McCullough ("McCullough") is an individual residing in the state of North Carolina and a co-owner of Kovereez.

## BACKGROUND FACTS

7. Plaintiff Ductcap is engaged in the business of selling flexible duct covers.

8. Among other uses, Ductcap's duct covers protect the internal components of unfinished heating, ventilation, and air-conditioning ("HVAC") ductwork from moisture, dirt, and debris.

9. On April 5, 2005, United States Patent No. 6,874,541 (hereinafter "the '541 patent") entitled TEMPORARY DUCT COVER was duly and legally issued to Plaintiff Ductcap, and since that date Plaintiff has been, and still is, the owner of this patent. The '541 patent is valid and enforceable and a copy of the '541 patent is attached as Exhibit A to the Complaint.

10. Plaintiff Ductcap also owns the mark DUCTCAP, which since October 5, 2004, has been registered on the supplemental trademark register of the United States Patent and Trademark Office, Reg. No. 2,892,099.

11. Defendant J&S is engaged in the business of sheet metal work and fabrication, including making, selling, and distributing sheet metal products and other products for the HVAC industry.

2

12. Upon information and belief, James Kline is the President of Defendant J&S.

13. James Kline also is an organizer of Defendant K & D Slip Covers LLC.

14. A stated purpose of Defendant K&D's business is the brokering and distribution of slip covers.

15. From at least June 2008, J&S has been selling and offering to sell Smith Slip™ duct protection covers to the HVAC industry.

16. Defendant J&S advertises the Smith Slip™ on its website at http://www.smithslips.com/index.html and describes them as being "designed to help heating; venting and air conditioning contractors protect all components of the HVAC system during construction . . . to keep dirt, moisture, paint and construction debris out of the sytem." [sic]

17. J&S further states on its website that the Smith Slip™ is patented as U.S. Design Pat. No. D492,763 to Randy W. Smith.

18. Upon information and belief, the U.S. filing date of U.S. Design Pat. No. D492,763 is July 22, 2003.

19. Upon information and belief, J&S is the assignee of U.S. Pat. No. D492,763 to Smith, said assignment having been recorded at the U.S. Patent and Trademark Office at Reel/Frame: 019140/0152

20. On its website at http://kovereez.com/faq#2, Kovereez states:

> **What is the relation between Kovereeez and Smith Slips?**
> Kovereez is the direct distributor of the Smith Slip line of covers for the Residential and Commercial markets. We streamline the process and cut the costs down considerably to pass on the savings to our customers.

21. Kovereez further states on its website at http://www.kovereez.com/about_smith_slips that "Smith Slip covers are currently being

used in all U.S. States (including Puerto Rico), Canada, Australia, Latin America, and Europe."

22. Kovereez's website has included the meta tag "duct cap" and now includes the meta tag "duct caps."

23. A Google™ search for "Kovereez" returns a result that reads: "The supplier for Smith Slip duct covers and **duct caps** for Mechanical Contractors and LEED approved buildings.  Shipping Worldwide."  (emphasis added)

24. Upon information and belief, Defendant J&S or K&D conveyed to Kovereez the right to sell and distribute Smith Slips™.

25. Upon inform and belief, Defendant J&S or K&D knew of and agreed to Kovereez's use of "duct cap" as a meta tag or advertising words on its website.

26. Defendant Butchello is listed as the registrant of www.kovereez.com.

27. Defendant Butchello also is listed as the registrant of the website, www.smithslipscanada.com, which purports to sell the Smith Slip™ in Canada.

28. Upon information and belief, Defendants J&S, K&D, and Butchello and McCullough d/b/a Kovereez are, and have been, acting in concert to sell, offer to sell, and distribute the Smith Slip™ throughout the United States, including the Eastern District of Wisconsin.

29. On its website at http://www.kovereez.com/customer_list, Kovereez identifies its customers to include Martin Peterson Company of Kenosha, Wisconsin, and Total Mechanical, Inc. of Pewaukee, Wisconsin.

30. Upon information and belief, Smith Slip™ covers have been sold to the aforementioned customers in this judicial district.

4

## JURISDICTION AND VENUE

31. Plaintiff Ductcap repeats the allegations above as if fully set forth herein.

32. This action involves claims of patent infringement and false designation of origin and source arising under the Acts of Congress.

33. This Court has jurisdiction under 35 U.S.C. §§ 271 and 281-85; 15 U.S.C. §§ 1121 and 1091 *et seq*.; and 28 U.S.C. §§ 1331 and 1338(a-b).

34. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

35. This Court has personal jurisdiction over the Defendants pursuant to Wis. Stat. § 801.05(1) and (3) because the Defendants are engaged in substantial and not isolated activities in this State and this judicial district; the Defendants have offered to sell or sold infringing products in this State and this judicial district; and the injury to Plaintiff Ductcap arises out of the acts of the Defendants in this State.

## COUNT I
## PATENT INFRINGEMENT

36. Plaintiff Ductcap repeats the allegations above as if fully set forth herein.

37. Defendant J&S has infringed the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

38. Defendant J&S has induced the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

39. Defendant J&S has contributed to the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

40. Defendant K&D has infringed the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

41. Defendant K&D has induced the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

42. Defendant K&D has contributed to the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

43. Defendant Butchello d/b/a Kovereez has infringed the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

44. Defendant Butchello d/b/a Kovereez has induced the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

45. Defendant Butchello d/b/a Kovereez has contributed to the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

46. Defendant McCullough d/b/a Kovereez has infringed the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

47. Defendant McCullough d/b/a Kovereez has induced the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

48. Defendant McCullough d/b/a Kovereez has contributed to the infringement of the '541 patent through the sale or offer to sell flexible duct covers including, but not limited to, the Smith Slip™.

49. Plaintiff Ductcap has been damaged by Defendants' infringement of said patent and will continue to be damaged in the future unless Defendants are permanently

enjoined from infringing said patent, inducing infringement of said patent, and contributing to the infringement of said patent by others.

50. Upon information and belief, Defendants were aware the '541 patent was duly and legally issued to Plaintiff Ductcap and Defendants' sale or offer to sell their duct covers, including but not limited to the Smith Slip™, infringes said patent.

51. Upon information and belief, Defendants' infringement of said patent is now and has been intentional, willful, and deliberate, and will continue unless enjoined by the Court.

## COUNT II
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

52. Plaintiff Ductcap repeats the allegations above as if fully set forth herein.

53. The acts of Defendants alleged herein are in interstate commerce and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Plaintiff Ductcap or its commercial activities, or as to the sponsorship or approval by Ductcap of Defendants' goods, services, or commercial activities. Defendants' actions further misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

54. Plaintiff Ductcap has no adequate remedy at law for the foregoing wrongful conduct of Defendants, in that: (i) Defendants' actions damage and threaten to continue to damage Plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff Ductcap from Defendants' wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Defendants injure and threaten to continue to injure Plaintiff's reputation and

goodwill; and (iv) the damages resulting to Plaintiff Ductcap from Defendants' wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

55. Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Plaintiff Ductcap, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with it from directly or indirectly: (i) stating or implying that Plaintiff Ductcap is in any way affiliated with Defendants, or approves or endorses Defendants or their products, services, or commercial activities; (ii) directly or indirectly using the DUCTCAP mark, or any other names, logos or marks that are confusingly similar to the DUCTCAP mark; (iii) using any word, term, name or device or any combination thereof that is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Plaintiff Ductcap of Defendants' goods, services, or commercial activities, or the goods, services or commercial activities of any third party; and (iv) using any word, term, name, device or any combination thereof that is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff Ductcap of Defendants' goods, services, or commercial activities, or of the goods, services or commercial activities of any third party.

56. Plaintiff Ductcap is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined, to recover Defendants' profits, and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of

Defendants' conduct, including the extent of the unlawful conduct, Plaintiff Ductcap is further entitled, pursuant to 15 U.S.C. § 1117, to recover triple the amount found as actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment that:

A. United States Patent No. 6,874,541 is valid and has been infringed by Defendants J&S, K&D, and Butchello and McCullough d/b/a Kovereez;

B. Defendants and their officers, agents, servants, employees, and heirs, and those persons in active concert or participation with any of them be enjoined from further infringement of United States Patent No. 6,874,541;

C. An accounting be had for the profits and damages arising out of Defendants' infringement of United States Patent No. 6,874,541 and false designation of origin, including treble damages for willful infringement as provided by Title 35 U.S.C. § 284, and treble damages for willful violation of the Lanham Act as provided by Title 15 U.S.C. § 1117, with interest;

D. Defendants be preliminarily and permanently enjoined from continued use or sale of the Defendants' products used to infringe said patent;

E. The Court order preliminary and permanent injunctive relief as hereinabove described;

F. The Court award Ductcap its attorneys' fees, costs, and expenses of the suit herein, and enhanced or statutory damages as provided by law;

G. The Court award prejudgment and post-judgment interest on all sums awarded; and

H. Plaintiff be awarded such relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ductcap Products, Inc. hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

Dated: February 8, 2010

By: *Jeffrey Brown*
Jeffrey C. Brown (MN Reg. No. 256,948)
JEFFREY C. BROWN PLLC
100 South 5th Street
Suite 1900
Minneapolis, MN 55402
Ph: 612.605.6108
Fax: 612.605.3761

ATTORNEY FOR PLAINTIFF
DUCTCAP PRODUCTS, INC.