UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____
                                    )        Civil No. 10-cv-0110-LA
DUCTCAP PRODUCTS, INC.              )
                                    )
              Plaintiff,            )
                                    )
       v.                           )
                                    )
J & S FABRICATION, INC.,            )
K & D SLIP COVERS LLC, and          )
ROBERT BUTCHELLO and                )
JARED MCCULLOUGH                    )
d/b/a KOVEREEZ                      )
                                    )
              Defendants.           )
_____)


## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Ductcap Products, Inc. ("Ductcap")

hereby answers the counterclaims of Defendants and Counterclaim Plaintiffs, J &

S Fabrication, Inc. ("J&S") and K & D Slip Covers LLC ("K&D"), as follows.

Defendants' allegations are reprinted below along with Plaintiff's answers to

same.

## DEFENDANTS' COUNTERCLAIMS

1. J&S is a Pennsylvania corporation having a principal place of business at 9330
   Allentown Boulevard, Grantville, Pennsylvania 17028.

   **Answer**:  Ductcap admits the allegations in paragraph 1 of the counterclaim

   based on J&S' answer to paragraph 2 of the complaint admitting the same.

2. K&D is a Pennsylvania limited liability company having a principal place of business at 9330 Allentown Boulevard, Grantville, Pennsylvania 17028.

   **Answer**:  Ductcap admits the allegations in paragraph 2 of the counterclaim based on K&D's answer to paragraph 3 of the complaint admitting the same.

3. Ductcap is a Minnesota corporation, having a principal place of business at 2763 Fairway Drive, Willmar, Minnesota 56201.

   **Answer**:  Admitted.

4. These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, under 28 U.S.C. § 1331, 1332, 1367, and 1338, and under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

   **Answer**:  Ductcap admits the counterclaims arise under 28 U.S.C. § 2201-02, admits jurisdiction under 28 U.S.C. §§ 1331 and 1338 and certain sections of 35 U.S.C. § 100 *et seq.*, but denies the remaining allegations in paragraph 4 of the counterclaim.

5. An actual justiciable case or controversy exists between J&S, K&D, and Ductcap regarding the validity, enforceability, and non-infringement of United States Patent No. 6,874,541 ("the '541 patent").

   **Answer**:  Ductcap denies the allegations in paragraph 5 of the counterclaim.

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '541 PATENT

6. J&S and K&D have not infringed any valid claims of the '541 patent either directly, indirectly or under the doctrine of equivalents.

   **Answer**:  Ductcap denies the allegations in paragraph 6 of the counterclaim.

2

7. A declaration of non-infringement of claims of the '541 patent is necessary and appropriate to resolve this controversy between J&S and K&D and Ductcap.

   **Answer**: Ductcap denies the allegations in paragraph 7 of the counterclaim.


## COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '541 PATENT

8. Claims of the '541 patent are invalid under 35 U.S.C. § 102, 35 U.S.C. § 103, or 35 U.S.C. § 112.

   **Answer**: Ductcap denies the allegations in paragraph 8 of the counterclaim.


9. A declaration of invalidity of claims of the '541 patent is necessary and appropriate to resolve this controversy between J&S and K&D and Ductcap.

   **Answer**: Ductcap denies the allegations in paragraph 9 of the counterclaim.


## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and Counterclaim Defendant prays for judgment that:

A. United States Patent No. 6,874,541 is valid and has been infringed by Defendants J&S, K&D, and Butchello and McCullough d/b/a Kovereez;

B. Defendants and their officers, agents, servants, employees, and heirs, and those persons in active concert or participation with any of them be enjoined from further infringement of United States Patent No. 6,874,541;

C. An accounting be had for the profits and damages arising out of Defendants' infringement of United States Patent No. 6,874,541 and false designation of origin, including treble damages for willful infringement as

3

provided by Title 35 U.S.C. § 284, and treble damages for willful violation of the Lanham Act as provided by Title 15 U.S.C. § 1117, with interest;

D. Defendants be preliminarily and permanently enjoined from continued use or sale of the Defendants' products used to infringe said patent;

E. The Court order preliminary and permanent injunctive relief as hereinabove described;

F. The Court award Ductcap its attorneys' fees, costs, and expenses of the suit herein, and enhanced or statutory damages as provided by law;

G. The Court award prejudgment and post-judgment interest on all sums awarded; and

H. Plaintiff and Counterclaim Defendant be awarded such relief as this Court may deem necessary and proper.

4

## DEMAND FOR JURY TRIAL

Plaintiff and Counterclaim Defendant Ductcap Products, Inc. hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

Dated:  April 23, 2010                By:   s/ Jeffrey C. Brown
                                      Jeffrey C. Brown (MN Reg. No. 256,948)
                                      JEFFREY C. BROWN PLLC
                                      100 South 5th Street
                                      Suite 1900
                                      Minneapolis, MN 55402
                                      Ph: 612.605.6108
                                      Fax: 612.605.3761

                                      ATTORNEY FOR PLAINTIFF AND
                                      COUNTERCLAIM DEFENDANT DUCTCAP
                                      PRODUCTS, INC.

5